UNITED STATES *v.* BASS

No. 01-1471. Decided June 28, 2002

PER CURIAM.

A federal grand jury sitting in the Eastern District of Michigan returned a second superseding indictment charging respondent with, *inter alia,* the intentional firearm killings of two individuals. The United States filed a notice of intent to seek the death penalty. Respondent, who is black, alleged that the Government had determined to seek the death penalty against him because of his race. He moved to dis-

miss the death penalty notice and, in the alternative, for discovery of information relating to the Government's capital charging practices. The District Court granted the motion for discovery, and after the Government informed the court that it would not comply with the discovery order, the court dismissed the death penalty notice. A divided panel of the United States Court of Appeals for the Sixth Circuit affirmed the District Court's discovery order. 266 F. 3d 532 (2001). We grant the petition for a writ of certiorari and now summarily reverse.

In *United States* v. *Armstrong*, 517 U. S. 456, 465 (1996), we held that a defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent. We need go no further in the present case than consideration of the evidence supporting discriminatory effect. As to that, *Armstrong* says that the defendant must make a "credible showing" that "similarly situated individuals of a different race were not prosecuted." *Id.*, at 465, 470. The Sixth Circuit concluded that respondent had made such a showing based on nationwide statistics demonstrating that "[t]he United States charges blacks with a death-eligible offense more than twice as often as it charges whites" and that the United States enters into plea bargains more frequently with whites than it does with blacks. 266 F. 3d, at 538–539 (citing U. S. Dept. of Justice, The Federal Death Penalty System: A Statistical Survey (1988–2000), p. 2 (Sept. 12, 2000)).* Even assuming that the *Armstrong* requirement can be satisfied

---

*In January 1995, the Department of Justice (DOJ) instituted a policy, known as the death penalty protocol, that required the Attorney General to make the decision whether to seek the death penalty once a defendant had been charged with a capital-eligible offense. See Pet. for Cert. 3 (citing DOJ, United States Attorneys' Manual § 9–10.010 *et seq.* (Sept. 1997)). The charging decision continued to be made by one of the 93 United States Attorneys throughout the country, but the protocol required that the United States Attorneys submit for review all cases in which they had charged a defendant with a capital-eligible offense. *Ibid.*

by a nationwide showing (as opposed to a showing regarding the record of the decisionmakers in respondent's case), raw statistics regarding overall charges say nothing about charges brought against *similarly situated defendants.* And the statistics regarding plea bargains are even less relevant, since respondent *was* offered a plea bargain but declined it. See Pet. for Cert. 16. Under *Armstrong,* therefore, because respondent failed to submit relevant evidence that similarly situated persons were treated differently, he was not entitled to discovery.

The Sixth Circuit's decision is contrary to *Armstrong* and threatens the "performance of a core executive constitutional function." *Armstrong, supra,* at 465. For that reason, we reverse.

*It is so ordered.*