[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 115.01)
The motion for summary judgment now before the court challenges a case asserting that the minor plaintiff, Tatiana Roach "Tatiana"), was improperly suspended from the North Haven Public Schools. For the reasons briefly stated below, the motion must be granted.
The evidence submitted to the court shows that on Thursday, March 30, 2000, an assistant principal, Louis Preziosi, confiscated a box knife from Tatiana. Preziosi's attempts to reach Tatiana's father, Caleb Roach, Jr. ("Caleb"), were not immediately successful, but Caleb came to the school on the next day, Friday, March 31, and Preziosi told him that Tatiana was suspended for two days pending further action by the Principal, Patricia Brozek, who was at a conference that day. The undisputed evidence establishes that Tatiana went to school on March 31 and was allowed to attend classes as a regular student on that day. On Monday, April 3, Brozek suspended Tatiana for ten days beginning on that date.
Caleb commenced this action against the North Haven Board of Education by service of process on July 17, 2000. His complaint, dated February 20, 2001, consists of two counts. Count One is entitled "Appeal of Expulsion, C.G.S. Section 51-197a." Count Two is entitled "Selective prosecution."
The motion for summary judgment now before the court was filed on July 8, 2002. The motion was heard on December 9, 2002.
Caleb "reluctantly concedes" that the motion must be granted as to Count One. Apart from the fact that Count One cites a clearly inapplicable statute — Conn. Gen. Stat. § 51-197a governs appeals to the Appellate Court — Caleb concedes that it is well established that administrative appeals to the Superior Court cannot be CT Page 15833 taken from town or regional boards of education. Lee v. Board ofEducation, 181 Conn. 69, 74-76, 434 A.2d 333 (1980). Conn. Gen. Stat. §§ 10-233a, et seq, which govern the suspension and expulsion of pupils, do not provide a remedy of administrative appeal.
In support of Count Two, alleging "selective prosecution," Caleb relies on evidence that another pupil, David Perune, who we are told is neither Caucasian nor African-American, was in possession of a razor blade on school grounds and was given only a five-day suspension. Caleb contends that this evidence is sufficient to show selective prosecution of Tatiana, who is African-American. The plaintiff in a selective prosecution case must "submit relevant evidence that similarly situated persons were treated differently." United States v. Bass, 122 S.Ct. 2389
(2002). "[T]he standard is a demanding one." United States v. Armstrong,517 U.S. 456, 463 (1996). Caleb has submitted no such evidence here. The defendants have submitted evidence to the contrary, that David Perune, unlike Tatiana, was a special education student. Under these circumstances, Caleb has not approached the high factual threshold of a successful selective prosecution claim.
Caleb's final argument, not clearly reflected in either count of his complaint, is that Tatiana was suspended for more than ten consecutive school days in violation of Conn. Gen. Stat. § 10-233a (d), which prohibits "suspensions" of more than ten consecutive school days. (A lengthier exclusion would be an "expulsion"; Conn. Gen. Stat. §10-233a (e).) His argument, which he admits is a "technical" one, is that, by virtue of Preziosi's March 31, 2000 order, Tatiana was "suspended" on March 31, 2000 in addition to the ten consecutive days beginning on April 3, 2000. Preziosi's March 31, 2000 order, however, was "pending further action by the principal," Brozek, who was not present at the school that day. The submissions by the parties establish that Tatiana attended the school as a regular student on that day. The very statute on which Caleb relies, Conn. Gen. Stat. § 10-233a (d), defines "suspension" as "an exclusion from school privileges or from transportation services." Tatiana was not "suspended" for purposes for this statute on March 31, 2000.
The motion for summary judgment is granted.
 ___________________ Jon C. Blue Judge of the Superior Court
CT Page 15834