**John R. LANE–EL, Petitioner–Appellant,**

v.

**Zettie COTTON, Superintendent, Pendleton Correctional Facility, Respondent–Appellee.**

No. 03–1903.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 6, 2004.

Rehearing and Rehearing En Banc Denied March 5, 2004.

---

* Appellee notified the court that he had not been served with process in the district court and would not participate in the appeal. Ac-

cordingly, the appeal is submitted for decision on the appellant's brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

John R. Lane–El, Pendleton Correctional Facility, Pendleton, IN, Petitioner–Appellant.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### Order

A conduct board at Wabash Valley Correctional Facility in Indiana found that John Lane–El had possessed two bags of marijuana. It rescinded 90 days of his earned-time credit and reduced his credit-earning class. He sought federal review under 28 U.S.C. § 2254; the district court denied his petition. We have substituted as respondent the warden at Pendleton, Lane–El's current prison.

■ A counselor found two bags of marijuana in a room that, the counselor asserted, could have been accessed only by inmates Lane–El and Robert Morris.

Lane–El's defense to the charge was principally that additional inmates could have put the drugs there; his witnesses testified that the room is not a secure area. (Lane–El also testified that he had been attending religious services when the counselor found the drugs, but that was no alibi; the time evidence is found does not imply anything about when the offense occurred.) Yet a prison may impose discipline on the basis of "some evidence," *see Superintendent of Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), and finding drugs in a place within the prisoner's control is "some evidence" of wrongdoing even if the control was not exclusive. See *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir.1992).

■ According to Lane–El, the prison discriminated on the ground of his race: he is black (he prefers "Moorish"), while Morris is white. The principal problem with the argument is that the record does not show any difference in treatment; and even if we infer from Lane–El's submission that Morris was not punished, the record is silent about the reasons. Lane–El does not tell us what defense Morris made; perhaps Morris showed convincingly that the drugs belonged to Lane–El. Without a demonstration that Lane–El and Morris were similarly situated except for race, not even a prima facie case of discrimination has been established. See, e.g., *United States v. Bass,* 536 U.S. 862, 122 S.Ct. 2389, 153 L.Ed.2d 769 (2002); *United States v. Armstrong,* 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

Lane–El's remaining contentions do not require discussion.

Affirmed