Michael KELLEY, Petitioner–
Appellant,

v.

John VANNATTA, Respondent–
Appellee.

No. 04–2613.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 17, 2004.

Before BAUER, POSNER, and
EASTERBROOK, Circuit Judges.

### Order

After his return to Miami Correctional Facility following a brief stay in Lake County Jail, Michael Kelley was caught with a stash of tobacco—contraband at Miami, though sold in the commissary at Lake County Jail. In the ensuing disciplinary proceeding, Kelley conceded that he had possessed the tobacco but proposed to defend on the theory that Miami's guards should have removed the tobacco from his possessions when he came back to the prison. The disciplinary board declined to obtain any evidence about the inventory of Kelley's possessions at the time of his return to the prison, and it reduced his good-time credit by 60 days. In this request for relief under 28 U.S.C. § 2254, Kelley contends that the board's refusal to obtain or use evidence about the inventory violated the due process clause of the fourteenth

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

amendment. The district court denied the petition.

■ Disciplinary boards may exclude irrelevant evidence. See *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2002). The information Kelley wanted to present was irrelevant. Kelley supposes that he has a constitutional right to be stopped before he can violate a prison rule—in other words, that he had a constitutional right to be caught with tobacco as soon as possible or at least to be left off lightly if the guards should nip the violation at its inception. There is no such right. See *Hoffa v. United States,* 385 U.S. 293, 309–10, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Thus it does not matter whether the guards who looked through his possessions did or did not find the tobacco. If they did find it, they were not obliged to confiscate it and let him go without sanction; if they did not find it, that is no defense; and if despite prison regulations the guards failed to look through his goods at all, that too is irrelevant.

Kelly also argues that the prison violated the equal protection clause of the fourteenth amendment by punishing him more severely than black inmates caught with tobacco. His petition and supporting documents fail to supply the details necessary to make out such a selective-enforcement theory. See *United States v. Bass,* 536 U.S. 862, 122 S.Ct. 2389, 153 L.Ed.2d 769 (2002); *United States v. Armstrong,* 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

■ Finally, Kelley complains that he will not have an opportunity to recover the rescinded time. His sanction was imposed near the end of one term Kelly was serving; now he is confined on a different and consecutive sentence. Indiana holds out the prospect of restoring revoked good-time credits to inmates who display good behavior for the next year of the same sentence. This means that sanctions imposed during the last year of any given sentence are conclusive. Kelley does not explain how this violates the federal Constitution; we do not see any way in which it could do so.

AFFIRMED