EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>Eddie Miró Castañeda y<br>Juanita Medina Boria<br><br>Recurridos | Certiorari<br><br>2008 TSPR 11<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2008-78


Fecha: 31 de enero de 2008


Tribunal de Apelaciones:

      Región Judicial de San Juan-Panel III

Juez Ponente:

      Hon. Carlos A. Cabán García

Oficina del Procurador General:

      Lcda. Sarah Y. Rosado Morales
      Procuradora General Auxiliar

Abogados de la Parte Recurrida:

      Lcdo. César H. Soto Cintrón
      Lcdo. Alfredo E. González Vega


Materia: Sección 6049(c) del Código de Rentas Internas de 1994

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.

                        CC-2008-78

Eddie Miró Castañeda y
Juanita Medina Boria

RESOLUCIÓN

San Juan, Puerto Rico, a 31 de enero de 2008

Examinada la *Moción en Auxilio de Jurisdicción y en Solicitud de Trámite Expédito* así como el recurso de *Certiorari*, presentadas por la parte peticionaria, se provee no ha lugar a ambas.

Notifíquese vía facsímile y vía telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emite voto particular de conformidad. La Juez Asociada señora Rodríguez Rodríguez emite opinión disidente a la cual se le une el Juez Presidente señor Hernández Denton.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                    CC-2008-078    CERTIORARI

Eddie Miró Castañeda y
Juanita Medina Boria

    Recurridos

VOTO PARTICULAR DE CONFORMIDAD EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 31 de enero de 2008

El descargue, objetivo y correcto, de las funciones y obligaciones que tenemos los integrantes de este Tribunal no pueden ser llevadas a cabo como si trabajáramos en un edificio sin ventanas, resolviendo los casos que vienen ante nuestra consideración con total abstracción de lo que sucede a nuestro alrededor, negándonos a mirar más allá de sus portones.

En lo <u>pertinente</u> a los hechos del caso hoy ante nuestra consideración, los Jueces de este Tribunal no podemos darnos el lujo de darle la espalda y hacer caso omiso de lo que hace tiempo es un secreto a voces en nuestro País: el Departamento de Hacienda de Puerto Rico, durante el mes de abril

de cada año, radica cargos criminales por evasión contributiva contra personas conocidas o de cierto renombre en nuestra sociedad con el expreso propósito de "asustar" a la ciudadanía en general y "motivarla" a cumplir con su obligación contributiva.

Durante el año 2006, le "tocó el turno" a los recurridos Eddie Miró Castañeda y Juanita Medina Boria, quienes, efectivamente, no habían cumplido con su obligación ciudadana de rendir sus planillas contributivas durante los años del 2002 a 2004. Ese hecho no está en controversia.

Lo que sí está en discusión --y que debe ser resuelto por el foro judicial-- es si el matrimonio Miró-Medina fue víctima de un procesamiento selectivo por parte del Estado, lo cual, de demostrarse, es violatorio de la cláusula constitucional sobre la igual protección de las leyes.

A esos efectos, resulta pertinente señalar que las denuncias o cargos criminales contra el matrimonio Miró-Medina fueron radicadas el 12 de abril de 2006; esto es, tres días antes del 15 de abril, fecha en que los ciudadanos de este País están en la obligación de radicar sus planillas contributivas ante el Departamento de Hacienda de Puerto Rico.

¿Casualidad o coincidencia? Hace más de cuarenta y cinco años, este Tribunal expresó que "…[l]os jueces no debemos, después de todo, ser tan inocentes como para creer [cosas] que nadie más creería? Pueblo v. Luciano Arroyo, 83 D.P.R. 573, 582 (1961).

Pero, hay más, tampoco está en discusión que durante la celebración de la vista preliminar en el presente caso, bajo la Regla 23 de Procedimiento Criminal, surgió, del testimonio de una testigo de cargo, que en el Departamento de Hacienda existen dos procedimientos paralelos para atender casos de deudas contributivas,

uno administrativo y otro criminal, y que los de índole criminal son considerablemente menos que los de carácter administrativo.

Lo anteriormente expresado, a nuestro juicio, es *prima facie* suficiente para rebatir la presunción de buena fe y legitimidad que cobija, de ordinario, los procedimientos criminales; esto es, el planteamiento de los recurridos sobre encausamiento selectivo <u>no</u> es frívolo.

Los recurridos intentan fortalecer su planteamiento por medio de los testimonios de las personas que han citado, los cuales, dicho sea de paso, son empleados del Departamento de Hacienda que no son testigos de cargo. ¿<u>Por qué la oposición del Estado</u>? ¿<u>A qué le temen</u>? ¿<u>Será que dichos testimonios corroboran el planteamiento de los recurridos</u>?

Debe recordarse, <u>en primer lugar</u>, que la verdad debe siempre prevalecer, sea ésta cual fuere. La verdad puede ser dura, y, en ocasiones, hasta amarga, pero nunca es injusta. Es por ello que el norte de todo procedimiento criminal, <u>siempre</u>, debe ser el descubrimiento de la verdad.

En <u>segundo</u> término, no debemos nunca olvidar que los "tecnicismos no pueden impedir que atendamos el clamor de quien busca justicia. Cuando la ley no provee el camino, la justicia lo hace." <u>Correa Negrón</u> v. <u>El Pueblo de Puerto Rico</u>, 104 D.P.R. 286 (1975).

Por los fundamentos anteriormente expuestos, entre otros, es que somos del criterio que resulta procedente <u>denegar</u> la solicitud de certiorari presentada por el Estado en el presente caso, la cual, a nuestro juicio, constituye un intento de impedir que aflore

la verdad mediante la utilización de tecnicismos legales,

impidiendo de esa forma que se haga justicia en el caso.[1]


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[1] Dado el poco tiempo que hemos tenido para redactar el Voto Particular de Conformidad --el caso está señalado para hoy-- en el presente caso, nos reservamos el derecho a ampliar el mismo, en etapa de reconsideración, si es que alguna de las partes la solicitara.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.

Eddie Miró Castañeda y             CC-2008-078
Juanita Medina Boria

    Recurridos

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez a la cual se le une el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 31 de enero de 2008

Hoy, una mayoría de los miembros de este Tribunal desatiende la normativa aplicable en casos en que se plantea como defensa a un procesamiento penal, que el mismo es selectivo. Disiento de la acción que se toma por considerarla contraria a Derecho y porque la misma sólo sirve para dilatar impermisiblemente el procesamiento penal. Soy del criterio de que aun cuando los acusados tuviesen razón en lo que sostienen como base para su reclamo de procesamiento selectivo, lo indicado por ellos dista mucho de ser un planteamiento válido de procesamiento selectivo que permita acceder al descubrimiento solicitado.

I

Contrario a lo que sería mi deseo, limitaciones de tiempo me impiden extenderme sobre el tema que se plantea en el recurso que pende ante nuestra consideración. Solamente puedo delinear *grosso modo,* los contornos del error incurrido por la mayoría.

El caso de autos versa sobre una solicitud de descubrimiento de prueba en un caso donde se ha esgrimido un argumento de procesamiento selectivo y cómo el mismo debe ser atendido por el Tribunal de Primera Instancia. Los acusados --quienes enfrentan cargos penales por, alegadamente, no radicar planillas de contribuciones sobre ingresos-- indican que su caso es uno de procesamiento selectivo por lo que el foro primario debe acceder a descubrir cierta prueba en poder del Departamento de Hacienda y el Departamento de Justicia y en su día, debería desestimar los cargos presentados.

Específicamente solicitan, entre otras cosas, descubrir la siguiente información para los años 2000-2005, a saber: el número de contribuyentes que fueron referidos al Departamento de Justicia para investigación criminal y la cantidad de contribuyentes referidos en el propio Departamento de Hacienda para investigación; el número de casos criminales presentados por el Departamento de Justicia; todo informe, estadística, estudio o estimado relacionado a evasión contributiva preparado para el Departamento de Hacienda; y, la cantidad de requerimientos de planillas enviadas al contribuyente y la respuesta de éstos.

En su esencia, el alegado procesamiento selectivo reclamado estriba en que el Departamento de Hacienda tiene dos mecanismos o "sistemas paralelos" para atender los casos donde contribuyentes

adeudan planillas de contribución sobre ingresos --uno administrativo y otro administrativo penal. Indican, que el Departamento no ha diseñado un protocolo o guías objetivas para determinar cuándo utilizar un mecanismo frente al otro. La ausencia de estas guías, arguyen los acusados, "se presta a que la radicación de cargos criminales obedezca exclusivamente a amiguismos, revanchismos, consideraciones políticas, o de exposición pública." Solicitaron entonces descubrir prueba sobre el particular. Soy del criterio que este señalamiento no configura un problema de procesamiento selectivo con lo cual, la evidencia que se pretende descubrir es de todo punto impertinente.

II

La Sección 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico garantiza a todo acusado su derecho a preparar una defensa adecuada y a obtener prueba a su favor. *Pueblo v. Arocho Soto*, 137 D.P.R. 762, 766 (1994). Ello a su vez conlleva el derecho a realizar descubrimiento de prueba e informarse debidamente en la preparación de su defensa. *Pueblo v. Santa Cruz,* 149 D.P.R. 223 (1999); *Pueblo v. Echevarría Rodríguez I,* 128 D.P.R. 229, 324 (1991).

"Ahora bien, es importante advertir que este derecho a descubrimiento de prueba a favor del acusado, naturalmente, *no es absoluto*." (Bastardillas en original.) *Pueblo v. Arzuaga*, 160 D.P.R. 520, 530 (2003). El derecho está limitado por lo dispuesto en la Regla 95 de Procedimiento Criminal, que se erige como "barrera estatutaria contra las llamadas 'expediciones de pesca' en los archivos de fiscalía", además de desalentar la utilización

del descubrimiento como táctica dilatoria.[2] *Pueblo v. Arzuaga,*

*supra; Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 246-249

(1979). Igualmente, cuando el descubrimiento se autoriza en

virtud de nuestra facultad inherente para regular los

procedimientos judiciales, debemos procurar que con éste no

validemos una búsqueda irrestricta en los archivos del Estado o

permitamos que se utilice para dilatar los procesos penales.

III

A

En nuestro esquema constitucional de gobierno, corresponde a

la Rama Ejecutiva la prerrogativa de velar por el cumplimiento de

las leyes. Art. IV, sec. 4 de la Constitución del Estado Libre

Asociado de Puerto Rico. Véase también, *Santana v. Calderón*, res.

15 de junio de 2005, 164 D.P.R. ___, 2005 TSPR 86; *Pueblo v.*

*Quiñones, Rivera*, 133 D.P.R. 332, 338 (1993). En el ámbito penal,

son los fiscales del Departamento de Justicia quienes tienen la

encomienda de procesar criminalmente a un ciudadano que se

entiende ha violado la ley. Esta prerrogativa es de naturaleza

discrecional y se ejerce bajo la autoridad y en representación del

Estado Libre Asociado de Puerto Rico. *Pueblo v. Pérez Casillas*,

126 D.P.R. 702, 710 (1990). En *Pueblo v. Dávila Delgado*, 143

D.P.R. 157, 170 (1997), indicamos con acierto lo siguiente:

> [E]n nuestra jurisdicción, y conforme a lo dispuesto
> por nuestro ordenamiento jurídico, la facultad y
> responsabilidad de investigar los hechos delictivos y

---

[2] Advertimos, que la defensa ha reconocido que su solicitud de descubrimiento respecto su planteamiento de procesamiento selectivo no se formula bajo la Regla 95 de Procedimiento Criminal. 34 l.P.R.A. Ap. II. Como somos del criterio que el planteamiento de encausamiento selectivo es improcedente como cuestión de Derecho, no es necesario en esta ocasión, expresarnos en torno a cuál deba ser el vehículo procesal adecuado para esa petición.

> la decisión de a qué persona acusar y procesar
> criminalmente, y por qué delito, recae en persona del
> Secretario del Departamento de Justicia de Puerto Rico
> y de los fiscales bajo su supervisión; **poseyendo los
> mencionados funcionarios amplia discreción en el
> descargo de estas funciones.** (Énfasis nuestro.)

Véase también, *Boerdenkircher v. Hayes*, 434 U.S. 357, 364 (1978)("So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in his discretion.")

Consideraciones de separación de poderes subyacen la amplia discreción que se le reconoce al fiscal en el desempeño de su función constitucional de velar por el cumplimiento de la ley. Esas mismas razones aconsejan cautela a la hora de pasar juicio sobre el ejercicio de esa facultad. Así, en *United States v. Armstrong*, 517 U.S. 456, 465 (1996), el Tribunal Supremo de Estados Unidos indicó lo siguiente: "Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of the prosecutors and courts. … **It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function.**" (Énfasis nuestro.)

Además, la naturaleza de la decisión de cuándo y a quién encausar no se presta con facilidad, al escrutinio judicial. En este tenor, son acertadas las expresiones del Tribunal Supremo en *Wayte v. United States*, 470 U.S. 598, 607-608 (1985), las que citamos con aprobación en *Pueblo v. Dávila Delgado, supra*, a saber:

> This broad discretion rests largely on the recognition
> that **the decision to prosecute is particularly ill-
> suited to judicial review.** Such factors as the
> strength of the case, the prosecution general
> deterrence value, the Government's enforcements

> priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. **Judicial supervision in this area, moreover, entails systemic costs of particular concern.** Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. **All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.** (Énfasis nuestro.)

Véase además, *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926).

Claro está, la amplia discreción que goza el Ministerio Público no es absoluta y está sujeta a limitaciones constitucionales. *Pueblo v. Dávila Delgado, supra*, pág. 171-172. Una de las limitaciones a la discreción del fiscal la impone el componente de igual protección de las leyes de la cláusula de debido proceso de ley, por lo que se exige que la decisión de procesar no puede estar basada en clasificaciones impermisibles, tales como raza, religión o cualquiera otra clasificación arbitraria. *Íbid.*

La defensa de procesamiento selectivo le impone al Poder Judicial la tarea de pasar juicio sobre la prerrogativa constitucional del Poder Ejecutivo de hacer cumplir las leyes. Véase, *United States v. Armstrong*, *supra*, pág. 464 ("A selective-prosecution claim asks a court to exercise judicial power over a 'special province' of the Executive.") Necesariamente entonces, el análisis requerido para prevalecer en una reclamación de este tipo tiene que ser riguroso para así garantizar que no irrumpamos, innecesariamente, en una prerrogativa de la esencia del Poder Ejecutivo, la de velar por el cumplimiento de la ley. *Íbid.*

En *United States v. Armstrong, supra,* págs. 463-466, el Tribunal Supremo se expresó extensamente sobre la naturaleza de un planteamiento de procesamiento selectivo. Allí se indicó lo siguiente, citamos extensamente:

> A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge **for reasons forbidden by the Constitution.** Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that **the standard is a demanding one.** … These cases afford a 'background presumption,' that the showing necessary to obtain discovery should itself e a significant barrier to the litigation of insubstantial claims.
> []
> The requirements for a selective-prosecution claim draw on ordinary equal protection standards. **The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.' To establish a discriminatory effect … a claimant must show that similarly situated individuals … were not prosecuted.**
> (Énfasis nuestro.)(Citas omitidas.)

Véase además, *United States v. Bass*, 536 U.S. 862 (2002).

El profesor LaFave, en su tratado de Derecho procesal penal sostiene similar criterio. Éste describe los elementos de una reclamación de procesamiento selectivo bajo los siguientes términos:

> [T]he three essential elements of a discriminatory prosecution claim [are]: (1) that other violators similarly situated are generally not prosecuted; (2) that the selection of the claimant was 'intentional or purposeful', and (3) that the selection was pursuant to an 'arbitrary classification'.

W. LaFave, J. Israel, H. King, O. Kerr, *Criminal Procedure*, Thomson/West, Vol. 4, 2007, sec. 13.4(a), pág. 170. Véase también, *Pueblo v. Rexach Benítez*, 130 D.P.R. 273 (1992). Adviértase que un reclamo de esta naturaleza se atiende como un problema de igual protección de las leyes. E. Chiesa Aponte,

*Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Editorial Forum, Colombia, 1992, sec. 20.2(A), pág. 578. ("Al considerar un planteamiento de discrimen en la zona de procesamiento selectivo, los tribunales deben utilizar los estándares ordinarios de igual protección de las leyes: el peticionario debe establecer dos elementos esenciales: *efecto* discriminatorio y *propósito* discriminatorio.")(Bastardillas en original.)

En resumen, para que pueda prevalecer la defensa de encausamiento criminal selectivo el acusado tiene que probar que personas situadas en una posición similar a la de él o ella no han sido acusadas y que la selección discriminatoria del fiscal de acusarle ha sido intencional, de mala fe y basada en consideraciones impermisibles como raza, religión, afiliación política o el interés de ejercer derechos constitucionales, entre otras. *Pueblo v. Rexach Benítez, supra.* Véase, *Wayte v. United States, supra.*

B

En *United States v. Armstrong, supra*, precisamente, se planteó cuál debía ser el ámbito de descubrimiento de prueba frente a una alegación de procesamiento selectivo. En ese caso, un acusado de posesión con intención de distribuir "crack", planteaba que había sido sometido a un procesamiento penal por motivos raciales y solicitaba cierto descubrimiento de la fiscalía federal para sostener su alegación. La moción solicitando el descubrimiento se acompañó con un afidávit de un paralegal que trabajaba en el "Federal Public Defender Office" del Distrito Central de California. El afidávit atestiguaba que todos los casos "cerrados" por esa oficina, coetáneos al arresto del acusado

y donde se habían presentado cargos por los mismos delitos que pesaban contra Armstrong, involucraban personas de la raza negra. Se anejó al affidávit un análisis de todos estos casos, con un desglose que hacía referencia a la raza de los acusados, los delitos imputados y la disposición final del caso. El acusado solicitó el siguiente descubrimiento: una lista de todos los casos procesados por los fiscales durante un periodo de tres años, donde se imputaron los mismos delitos que a Armstrong; que se identificara la raza de todos los acusados; que se describiera el personal que trabajó en la investigación de estos casos; y, que se explicara los criterio considerados para procesar los casos relacionados con la posesión, venta y distribución de cocaína.

Al denegar su solicitud de descubrimiento, el Tribunal expresó lo siguiente sobre el alcance y naturaleza del descubrimiento de prueba en estos casos, citamos extensamente:

> Having reviewed the requirements to prove a selective-prosecution claim, we turn to the showing necessary to obtain discovery in support of such a claim. … Discovery … imposes many of the costs present when the Government must respond to a *prima facie* case of selective prosecution. It will divert prosecutors' resources and may disclose the Government's prosecutorial strategy. **The justification for a rigorous standard for the elements of a selective prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim.**
>
> []
>
> **We think the required threshold --a credible showing of different treatment of similarly situated persons-- adequately balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution.** (Énfasis nuestro.)

*United States v. Armstrong, supra*, págs. 468-470. El Tribunal Supremo se negó a autorizar el descubrimiento solicitado luego de aplicar este estándar y concluir que la defensa no estableció que

existieran otras personas en igualdad de condiciones que el acusado, que no fueron acusados por fiscalía precisamente por no ser de la raza negra como él.

De lo anterior se desprende que el estándar requerido en estos casos para acceder al descubrimiento exige que el acusado presente alguna prueba que demuestre la existencia de los elementos de la defensa: a saber: el efecto discriminatorio y el interés discriminatorio. Sólo si hay una demostración en tal sentido es que procede darle curso a la solicitud presentada. Este estándar riguroso en la etapa de descubrimiento de prueba se justifica porque en esta fase del procesamiento median las mismas consideraciones de separación de poderes, dilación innecesaria del encausamiento criminal, efecto congelante en el ejercicio de las prerrogativas del fiscal, etc., que exigen cautela al atender en sus méritos la defensa de procesamiento selectivo.

A poco que revisemos desapasionadamente la moción presentada por los acusados, advertimos que éstos no cumplen con el estándar requerido pues no han alegado que estén presentes los requisitos de la defensa de encausamiento criminal selectivo. La defensa no ha reclamado que otras personas que estén en posiciones similares a la de ellos no han sido acusadas por el Estado, tampoco hay alegación fundamentada alguna de intencionalidad o ánimo discriminatorio de parte del Ministerio Público o del Departamento de Hacienda en su referido al Departamento de Justicia, o que la acusación que pende en su contra obedece a que han sido señalados para procesamiento por motivo de una clasificación arbitraria, sospechosa o contraria a la Constitución.

Forzoso es concluir, que los acusados en este caso no han planteado, como cuestión de umbral, una controversia plausible de procesamiento selectivo. No existe en el récord ni siquiera alegaciones de lo que el profesor Chiesa describe como "efecto y propósito discriminatorio", lo que no nos permite considerar con seriedad su solicitud de descubrimiento de prueba. En vista de lo anterior, la única determinación que se ajusta a Derecho es la de denegar la solicitud de descubrimiento de prueba.

Por las razones que expreso disiento del criterio de la mayoría en este caso. En su lugar, hubiese expedido el auto que nos solicita el Procurador General y hubiese revocado la sentencia dictada por el Tribunal de Apelaciones.


                        Anabelle Rodríguez Rodríguez
                              Juez Asociada