Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez, a la cual se une el Juez Presidente Señor Hernández Denton.
En el caso ante nuestra consideración, una Mayoría de este Tribunal rechaza erróneamente el estándar establecido por el Tribunal Supremo de Estados Unidos en United States v. Armstrong, 517 U.S. 456 (1996), sobre cuándo y bajo qué criterio procede acceder a un descubrimiento de prueba, basado en un reclamo de procesamiento selectivo. En United States v. Armstrong, el Tribunal Supremo de Estados Unidos resolvió que para tener derecho al descubrimiento de prueba en estos casos, el acusado debe presentar prueba creíble suficiente que tienda a demostrar los elementos de la defensa esgrimida. Estos son: (1) que otras *295 personas similarmente situadas al acusado no han sido procesadas criminalmente; (2) que la decisión de encausarle fue una intencional y de mala fe, y (3) que medió en su selección para procesamiento un ánimo discriminatorio o criterios inconstitucionales. En otras palabras, hay que presentar prueba clara, suficiente y creíble que tienda a demostrar el efecto y el propósito discriminatorio del procesamiento penal.
Por contra, el Tribunal hoy adopta un relajado estándar mediante el cual el acusado sólo tendrá que presentar alguna evidencia que demuestre que su reclamo no es frívolo, para que se acceda a la solicitud de descubrimiento. Sostengo que este “estándar” no es tal y que en lo sucesivo, bastará con invocar el mágico talismán de procesamiento selectivo, para que haya que acceder al descubrimiento solicitado. El Tribunal desatiende así las delicadas consideraciones que rodean un planteamiento de esta naturaleza.
En nuestra jurisdicción un reclamo es frivolo cuando no tiene fundamento legal alguno que le permita prosperar. Véase Black’s Law Dictionary, 7ma ed., St. Paul, West Group, 1999, pág. 677. Por lo cual, adoptar una norma asentada en la ausencia de frivolidad del planteamiento de procesamiento selectivo como hace hoy el Tribunal es, a mi juicio, adoptar un presupuesto que adolece de rigor jurídico. Véase discusión infra. Con este falso axioma como norte decisorio, en lo sucesivo, cualquier cosa será suficiente para darle curso a una solicitud de descubrimiento de prueba ante un reclamo de procesamiento selectivo, pues lo único que se exige es que “alguna prueba” rebase un criterio de frivolidad.
Desde nuestro venerable alminar, la Mayoría adopta este estándar que atenta contra la indiscutible prerrogativa del Poder Ejecutivo de velar por el cumplimiento de la ley, área que la Constitución reservó para dicho poder gubernamental. El respeto que le debemos a otra Rama de Poder de igual jerarquía a la nuestra —sustrato del prin *296 cipio de separación de poderes— nos exige que adoptemos guías razonables para estos casos. Soy del criterio que en este menester tenemos la obligación de evitar la intromisión indebida del Poder Judicial en la prerrogativa del Ejecutivo de encausar criminalmente. Además, debemos impedir la dilación innecesaria de los procesos penales cuando la controversia es colateral a la inocencia o culpabilidad del acusado, como ocurre en estos casos. Por otra parte, también tenemos una responsabilidad de proteger el derecho a descubrimiento que le asiste al acusado, aunque esto último no niega lo primero. La norma que hoy se anuncia no es razonable y no sopesa todos los intereses involucrados. Por ello, disiento.
I
A. En el pasado, este Tribunal no había tenido ocasión de expresarse sobre la controversia que se plantea en este recurso. No obstante, en Pueblo v. Miró Castañeda, 173 D.P.R. 47 (2008), opinión disidente, nos expresamos sobre la defensa de procesamiento selectivo.([1]) Allí señalamos que para que ésta prospere, el acusado tiene que establecer el efecto y el propósito discriminatorio de la actuación estatal, es decir, del procesamiento penal, que son los estándares ordinarios de un análisis de igual protección de las leyes. Pueblo v. Miró Castañeda, supra, y fuentes allí citadas. Hay que recordar que la defensa de procesamiento selectivo es un planteamiento de igual protección de las leyes.
*297 En Pueblo v. Miró Castañeda abordamos también, aunque someramente, la naturaleza y alcance del descubrimiento de prueba en estos casos, teniendo como referente lo resuelto por el Tribunal Supremo de Estados Unidos en United States v. Armstrong, supra, caso normativo en la jurisdicción norteamericana sobre este asunto. Sostengo que en esta ocasión debíamos abundar sobre el estándar establecido en Armstrong para determinar cuándo procede darle curso a cierto descubrimiento basado en esta defensa. Por el contrario, la respuesta que hoy nos ofrece una Mayoría del Tribunal no sólo es insatisfactoria, sino errónea.
B. Iniciamos recordando que el derecho al descubrimiento de prueba del acusado no es absoluto, pues está atemperado, en general, por lo dispuesto en la Regla 95 de Procesamiento Criminal, 34 L.P.R.A. Ap. II. Esta barrera pretende evitar las “expediciones de pesca en los archivos de fiscalía”, así como desalentar se utilice el descubrimiento de prueba como táctica dilatoria. Pueblo v. Arzuaga, 160 D.P.R. 520, 530 (2003); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 246, 249 (1979).
Por otra parte, no se discute que en el ámbito penal corresponde a la Rama Ejecutiva a través de los fiscales del Departamento de Justicia, la delicada encomienda de procesar criminalmente a quienes infringen la ley penal. Véase United States v. Nixon, 418 U.S. 683, 693 (1974) (“the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case”). En Pueblo v. Dávila Delgado, 143 D.P.R. 157, 170 (1997), indicamos con acierto lo siguiente:
[E]n nuestra jurisdicción, y conforme a lo dispuesto por nuestro ordenamiento jurídico, la facultad y responsabilidad de investigar los hechos delictivos y la decisión de a qué persona acusar y procesar criminalmente, y por qué delito, recae en persona del Secretario del Departamento de Justicia de Puerto Rico y de los fiscales bajo su supervisión; poseyendo los *298 mencionados funcionarios amplia discreción en el descargo de estas funciones. (Énfasis nuestro.)
Véase, también, Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (“[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in his discretion”). De ordinario, la determinación en este sentido que tome el Ejecutivo merece nuestra deferencia. Newton v. Rumery, 480 U.S. 386, 396 (1987) conservar espacio (“courts normally must defer to prosecutorial decisions as to whom to prosecute”). Véase, también, United States v. Chemical Foundation, 272 U.S. 1, 14-15 (1926).
La amplia discreción que goza el Ministerio Público para encausar no es, naturalmente, absoluta. Está sujeta a limitaciones constitucionales. Una de estas limitaciones la impone el componente de igual protección de las leyes de la cláusula de debido proceso de ley, que exige que la decisión de procesar criminalmente a una persona no esté basada en una clasificación impermisible, como pueden ser la raza o la afiliación política o religiosa de la persona acusada. Véase Pueblo v. Dávila Delgado, supra. Si bien el procesamiento penal es por su propia naturaleza selectivo, estamos contestes en que el criterio de esa selección no puede ser basado en consideraciones inconstitucionales. E.g.: United States v. Batchelder, 442 U.S. 114 (1979); Oyler v. Boles, 368 U.S. 448 (1962); Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954).
La alegación de procesamiento selectivo es un planteamiento cuya esencia radica en el principio de igual protección de las leyes. Se alega, que al acusado se le somete al rigor del trámite penal por pertenecer a un grupo particular de personas, o por poseer una característica singular que goza de protección constitucional, y no porque ha violado la ley. La segregación para procesamiento del acusado obedece a criterios inconstitucionales, de ahí que se re *299 quiera una demostración del ánimo discriminatorio del Estado. Esta defensa niega, entonces, la presunción de legalidad y buena fe que acompaña el desempeño de la labor del Ministerio Público. Apunta a una actuación inconstitucional, conscientemente tomada por el Estado, de acusar criminalmente a una persona. Precisamente por ser contraria a la presunción de regularidad que acompaña la actuación del Ministerio Público, se requiere que se produzca evidencia clara para que quede establecido que el procesamiento ha sido selectivo. United States v. Chemical Foundation, supra, págs. 14-15 (“in the absence of clear evidence, courts presume that they [the prosecutors] have properly discharged their official duties”).
Por otro lado, el planteamiento de procesamiento selectivo pretende inmiscuir a la Rama Judicial en una evaluación sobre un asunto discrecional de la esencia del Poder Ejecutivo, a saber, la decisión de encausar. Los tribunales no son los foros apropiados para sopesar la infinidad de asuntos que calibra el Ministerio Público a la hora de acusar. Además, esta intromisión tiene un efecto congelante sobre los fiscales, quienes tienen la encomienda de velar por el cumplimiento de la ley, como también tiene el efecto de desviar sus recursos y esfuerzos de lo que debería ser su función principal: probar que el acusado es culpable de los cargos imputados. Como correctamente se indicó en Wayte v. United States, 470 U.S. 598, 607-608 (1985): “Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor’s motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government’s enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.”
Adviértase, también, como ya adelantamos, que esta “defensa” no es tal defensa, pues no está dirigida a diluci *300 dar la inocencia del acusado. Es un asunto colateral a ese hecho. Esto a su vez abona al estándar riguroso exigido para prevalecer en este reclamo, pues de lo contrario, los procesos penales se enfrascan en controversias sobre asuntos que nada tienen que ver con la inocencia o culpabilidad del acusado, dilatando el procesamiento en los tribunales.
Debemos recalcar que el descubrimiento solicitado en este caso no es el tipo de descubrimiento que autoriza la Regla 95 de Procedimiento Criminal, supra, con lo cual, éste se enmarca fuera del ámbito de nuestro ordenamiento procesal penal. Éste se autoriza “de acuerdo con nuestra facultad inherente para regular los procedimientos judiciales...”. Pueblo v. Miró Castañeda, supra, pág. 53. Es decir, en rigor, el legislador no autorizó el descubrimiento de prueba en estos casos, lo que a mi juicio nos impone una mayor cautela a la hora de ejercer nuestro poder inherente. Muy en particular, en un caso donde tenemos que irrumpir en facultades connaturales al ejercicio del Poder Ejecutivo.
Es de notar, también, que estadísticas crudas sobre la presentación de cargos criminales son impertinentes para demostrar la naturaleza del procesamiento de personas situadas en la misma posición que el acusado o para evidenciar la intención específica de discrimen en su contra, requerimientos exigidos para probar un reclamo de procesamiento selectivo. United States v. Bass, 536 U.S. 862, 864 (2002) (“raw statistics regarding overall charges say nothing about charges brought against similarly situated defendants”). Y es que tiene que ser así, porque un planteamiento de procesamiento selectivo requiere una intención específica del Estado de discriminar contra la persona acusada.
En la etapa de descubrimiento de prueba en estos casos, debemos exigir un similar rigor que el que se que se exige para probar, en los méritos, el planteamiento de procesamiento selectivo. La presunción de regularidad en las actuaciones del Ministerio Público prima igualmente en esta *301 etapa. Lo mismo ocurre con las delicadas consideraciones de separación de poderes que subyacen esta controversia. Además, los rigores que el planteamiento en los méritos de procesamiento selectivo le impone al Ministerio Público, están igualmente presentes en la etapa de descubrimiento de prueba. En fin, que las mismas consideraciones que han requerido rigurosidad a la hora de sopesar este planteamiento en los méritos tienen igual preeminencia en la etapa de descubrimiento de prueba. “The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim.” United States v. Armstrong, supra, pág. 468.
El Tribunal Supremo de Estados Unidos, consciente de lo anterior, elaboró en United States v. Armstrong, supra, pág. 470, un cuidadoso estándar, en el que dispuso que en estos casos el acusado tenía que proveer “ ‘some evidence tending to show the existence of the essential elements of’ a selective prosecution claim”. (Énfasis nuestro.) El Tribunal abundó aún más en su estándar indicando que se necesitaba, para acceder a la petición, de la Juez Asociada Señora Rodríguez Rodríguezú “a credible showing of different treatment of similarly situated persons”. (Énfasis nuestro.) United States v. Armstrong, supra, pág. 470. Es decir, el acusado tiene que presentar alguna evidencia clara y creíble que tienda a establecer la existencia de todos los elementos esenciales de la defensa de encausamiento criminal selectivo. Véase, además, W.R. Lafave, J. Israel y N. King, Principles of Criminal Procedure: Post-Investigation, St. Paul, Thomson-West, 2004, Sec. 5.4, pág. 193.
Pasemos entonces a evaluar la petición del acusado en este caso, a la luz de la doctrina que hemos esbozado.
II
En el caso ante nuestra consideración, el peticionario ha solicitado del Ministerio Público que produzca todas las de *302 nuncias presentadas durante los pasados cuatro años por el mismo delito que se le imputó en la región judicial de Mayagüez. En apoyo a su petición, expuso que era miembro de un partido político de una ideología que ha sido objeto de persecución por parte del Estado. Además, presentó varias fotografías que demuestran que los puentes de la Carretera Núm. 2 están pasquinados o pintados con propaganda de los dos partidos políticos principales y con propaganda comercial. Además el agente Ramos, quien arrestó al acusado y testificó en la vista de causa probable para el arresto, declaró que no había denunciado a nadie antes por las mismas razones. Véase Apéndice, págs. 86-87.
El peticionario sostiene que la única inferencia razonable de la evidencia antes mencionada es que el Estado le ha señalado específicamente para procesamiento penal por su ideología política. No tiene razón. Ya en Pueblo v. Rexach Benitez, 130 D.P.R. 273 (1992), indicamos que la prominencia pública del imputado y el hecho de que perteneciera a una minoría tradicionalmente discriminada, o incluso la mera ausencia de otros supuestos violadores de la ley, de suyo y sin más, es insuficiente para rebasar la presunción de que el Estado había iniciado un proceso de manera legal y de buena fe. Igual resultado se impone en esta ocasión.
No hay en el expediente de este caso evidencia clara que tienda a demostrar, en modo alguno, que ha mediado un ánimo discriminatorio de parte del Estado en el procesamiento del acusado. Una mera lectura del testimonio del agente Rivera en la vista de causa para arresto así lo hace patente. Tan es así que éste testifica que fue el acusado quien le indicó que era miembro del Partido Independentista Puertorriqueño. A preguntas específicas del abogado de la defensa de si había visto en ocasiones anteriores a personas pasquinando propaganda del Partido Popular Democrático, éste contesta en la negativa. Recordemos que la existencia de ánimo discriminatorio es presupuesto indispensable para probar el planteamiento en los méritos y en *303 la etapa de descubrimiento el acusado está obligado a presentar alguna evidencia clara y creíble que tienda a demostrar ese hecho, lo que no ha ocurrido.
Por otro lado, la evidencia presentada como fundamento para acceder al descubrimiento de prueba no constituye prueba clara, demostrativa de un procesamiento selectivo en su contra frente a otros individuos similarmente situados a él. Nuevamente, este es uno de los elementos de su reclamo y tiene que aportar evidencia de éste en esta etapa. No lo ha hecho.
El hecho de que los puentes de Sabana Grande estén pasquinados o pintados con propaganda de los dos partidos políticos principales y con propaganda comercial sólo sirve para establecer ese hecho, sin más. No podemos partir de ese hecho para de ahí concluir que el Estado estuvo en posición de arrestar y procesar a quienes pasquinaron, mas no lo hizo porque era afín o le simpatizaba el mensaje de quienes pasquinaban, pero no así en la ocasión en que pasquinaba el acusado. No hay en este expediente un ápice de evidencia clara y creíble que tienda a demostrar que el Estado estuvo en posición de citar a las personas que pasquinaban y no lo hizo, y que dirigiera sus recursos para encausar al peticionario movido por un ánimo discriminatorio basado en la ideología del acusado. El peticionario nada ha aportado sobre el requerimiento respecto a personas similarmente situadas a él, como presupuesto de su reclamo.
El hecho de que el mensaje que pretendía transmitir el peticionario constituya expresión política no implica que el Estado no posea un interés legítimo en regular el lugar y el modo en que éste se distribuye, cuando la expresión se ex-pone y afecta la propiedad pública que no ha sido destinada para ese uso. En ñn, que el peticionario no ha aportado prueba clara, suficiente y creíble que tienda a demostrar el efecto y el propósito discriminatorio de su procesamiento penal. El trato preferencial que el Tribunal *304 le concede al peticionario en su reclamo no encuentra apoyo en la norma jurídica aplicable.
Por los fundamentos antes esbozados, rechazaría la petición de descubrimiento de prueba presentada por el peticionario.

(1) Hacemos la salvedad que la defensa de procesamiento selectivo, en puridad, no es una defensa como tal, pues no está basada en los méritos del cargo penal que pesa contra el acusado. Es, más bien, un planteamiento independiente de que el fiscal ha presentado una acusación basado en criterios que prohíbe la Constitución. Es así un asunto colateral a la inocencia o culpabilidad del acusado. Véase United States v. Armstrong, 517 U.S. 456, 463 (1996) (“A selective-prosecution claim is not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution”).