**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 25, 2010[*]
Decided August 27, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1400

JOHN L. BEALES,
    *Plaintiff-Appellant*,

    *v.*

CITY OF PLYMOUTH, WISCONSIN, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 08-C-0355
William E. Callahan, Jr.,
*Magistrate Judge*.

### Order

John Beales, who operates a pub in Plymouth, Wisconsin, contends that police and prosecutors have violated the equal protection clause of the Constitution's fourteenth amendment by insisting that he operate within the law, while tolerating unlawful activity at a bar across the street that is owned by a former officer of the police force. A magistrate judge, presiding by consent, see 28 U.S.C. §636(c), granted summary judgment in favor of the defendants.

Beales protests several things that happened many years ago, such as a demand that he hire off-duty officers as bouncers. Nothing came of these demands (he did not hire any off-duty officers, and none of the defendants took any adverse action), and they are irrelevant at all events because they predate the ex-officer's operation of Beales's business rival. The essence of the theory is that, although Beales concedes doing everything for which he has been sanctioned (such as occasionally serving minors and allowing illegal gambling), Beales is sure that the tavern across the street has done worse and been sanctioned less often. He calls this a class-of-one equal-protection claim. See *Willowbrook v. Olech*, 528 U.S. 562 (2000).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

One problem with this position is that it amounts to an objection to prosecutorial discretion. Prosecutorial decisions entail selectivity. See *Heckler v. Chaney*, 470 U.S. 821 (1985). The Supreme Court has held that class-of-one claims are not available when the challenged activity entails lawful discretion. See *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146, 2154–55 (2008). The sort of argument that Beales presents—that he has been prosecuted for his misconduct, while others who committed the same misconduct have not been prosecuted—is not novel. In *FTC v. Universal-Rundle Corp.*, 387 U.S. 244 (1967), the Supreme Court held that it is no defense, when offered by someone who concedes violating the law. See also *Moog Industries, Inc. v. FTC*, 355 U.S. 411 (1958). Having held that it is *proper* for a prosecutor to exercise selectivity, the Court is unlikely to conclude that selectivity is unconstitutional. Indeed, given the rule that one person lacks standing to demand the criminal prosecution of another, see *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); *Leeke v. Timmerman*, 454 U.S. 83 (1981), it is hard to see a case or controversy about that topic.

The most Beales could try to do would be to defend any prosecutions against him on the theory that the selective prosecution violates his rights. Given decisions such as *United States v. Armstrong*, 517 U.S. 456 (1996) (selective-prosecution defense depends on proof that the prosecutor systematically prosecuted persons of one race, or other suspect characteristic, and not members of other races who committed the same offense), and *United States v. Bass*, 536 U.S. 862 (2002) (same), that defense would be unlikely to succeed. The current suit is not an attempt to fend off prosecution, however, but proposes to hold police and prosecutors personally liable for not prosecuting plaintiff's business rival. The magistrate judge did not err in dismissing this suit.

AFFIRMED