**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie Joe BRIMITE, Defendant–**
**Appellant.**

No. 03–1840.

United States Court of Appeals,
Sixth Circuit.

June 24, 2004.

Julie Ann Woods, Asst. U.S. Attorney, Raymond E. Beckering, III, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff-Appellee.

George D. Lyons, Brandy & Lyons, Jackson, MI, for Defendant-Appellant.

Before: SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.[*]

GIBBONS, Circuit Judge.

Defendant-appellant Willie Joe Brimite appeals his sentence of twenty years imprisonment for possession with intent to distribute fifty grams or more of cocaine base. Brimite was charged initially in state court in Berrien County, Michigan, but the county sheriff's office referred his case for federal prosecution at least in part because Brimite faced the possibility of a greater sentence under the federal Sentencing Guidelines than he did under Michigan law. He was tried by a jury and convicted. At sentencing, Brimite accused the prosecution of forum shopping and asked the court to sentence him in accordance with state law guidelines. The district court concluded that it lacked the authority to depart downward to bring Brimite's sentence in line with the sentence he would have received in state court. On appeal, Brimite argues for the first time that his case was selected for federal prosecution on the basis of his race. Because we conclude that Brimite has waived his selective prosecution claim and that his statistics do not support such

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a claim in any event, we affirm the judgment of the district court.

## I.

On October 8, 2002, a Berrien County Sheriff's Deputy on routine patrol observed Brimite driving a vehicle that did not have a visible license plate. After Brimite made a left-hand turn without signaling, the deputy activated his lights and saw the vehicle make a turn into a private driveway. As the vehicle was pulling into the driveway, the deputy saw Brimite throw a green-colored box out of the driver's side window. Brimite exited the vehicle immediately and began walking away. When the deputy ordered him to stop, Brimite took off running. The green box contained several bags of crack cocaine. A digital scale was also located just inches away from where the box had been thrown to the ground.

Brimite was charged initially in state court in Berrien County with possession with intent to distribute between 50 and 225 grams of cocaine in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii) (2002).[1] After a preliminary examination and arraignment were held in Berrien County Circuit Court, the sheriff's office referred Brimite's case to a Drug Enforcement Special Agent assigned to Berrien County. Brimite was later indicted in federal district court for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). At the final pretrial conference, the district court inquired into why Brimite's case had been selected for federal prosecution, and the prosecutor replied that it was due to the quantity of cocaine involved and the criminal history of the defendant. When

pressed further by the district court on this point, the prosecutor stated that the federal system was preferred because it presented the opportunity to obtain a higher sentence. While § 333.7401(2)(a)(iii). the Michigan statute under which Brimite was initially charged, previously provided for a mandatory minimum term of ten years and a maximum term of twenty years, as a result of an amendment made effective in early 2002, § 333.7401 no longer requires a minimum sentence. Mich. Comp. Laws § 333.7401. By contrast, § 841(b)(1)(A) provides for a mandatory minimum ten-year term of imprisonment, and a mandatory minimum twenty-year term of imprisonment for defendants, like Brimite, with prior felony convictions.

Brimite was tried by a jury in the United States District Court for the Western District of Michigan and convicted on the sole count of possession with intent to distribute 50 grams or more of cocaine base. Prior to sentencing, he filed a motion for downward departure, accusing the prosecution of forum shopping in order to expose him to greater punishment. He also requested a sentence within the state guideline range for imprisonment. At sentencing, counsel for Brimite elaborated further on his theory that the prosecutors had engaged in forum shopping:

I also submit for the Court's consideration that the county of Berrien is, I believe, 30 to 45 percent African–American, where my client would have had perhaps a jury more representative of his peerage....

In response, the prosecutor argued that Brimite's case had been selected for federal prosecution "right off the bat" and noted that Brimite had been indicted prior to any

---

1. At the time of Brimite's offense in 2002, § 333.7401(2)(a)(iii) applied to offenses involving amounts of more than 50 grams but less than 225 grams. It now applies to offenses involving amounts of more than 50 grams but less than 450 grams. *See* Mich. Comp. Laws § 333.7401.

change in the law in Michigan. Under Michigan law, Brimite would have been sentenced under the version of § 333.7401(2)(a)(iii) in effect at the time of his offense, meaning that he would have been subject to the same ten-year mandatory minimum term as that provided in § 841(b)(1)(A). *See People v. Schultz*, 435 Mich. 517, 460 N.W.2d 505 (Mich.1990).

The district court declined to grant Brimite's request for downward departure, noting that "sentence shopping" was not "anything new." The court also concluded that it lacked the authority to depart downward in order make Brimite's sentence comparable to what he would have received under Michigan law.

On appeal, Brimite argues that his due process and equal protection rights were violated because his case was referred for federal prosecution on the basis of his race. He asks this court to remand his case, not for a new trial, but for re-sentencing under the current version of § 333.7401(2)(a)(iii).

## II.

█ For the first time on appeal, Brimite contends that his case was referred for federal prosecution because he is African–American. This claim has not been properly preserved for appellate review.

Federal Rule of Criminal Procedure 12(b)(3) requires a defendant to raise an objection "alleging a defect in instituting the prosecution" prior to trial. A selective prosecution claim clearly qualifies as such an objection. *United States v. Mann*, 884 F.2d 532, 539 (10th Cir.1989) (selective prosecution implicates institution of prosecution and must be raised prior to trial). Failure to raise a timely motion under Rule 12(b)(3) constitutes a waiver of the objection, but the court may grant relief from the waiver "for good cause." Fed. R.Crim.P. 12(e).

In this case, Brimite has made no attempt to show cause, nor is there any reason apparent from the record for his failure to make a timely motion alleging a defect in the selection of his case for federal prosecution. His selective prosecution claim has been waived.[2]

█ Even if Brimite had filed a timely objection alleging selective prosecution, he has failed to establish that his due process or equal protection rights were violated when his case was referred for federal prosecution. Prosecutors have great discretion when determining which cases to prosecute. *United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir.1992). As long as the prosecutor has probable cause to believe that an accused has committed an offense defined by statute, decisions regarding whether to prosecute and what charges to file generally rest entirely within the prosecutor's discretion. *Id.* (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)).

---

**2.** At oral argument, counsel for Brimite argued that the district court addressed the issue of selective prosecution on its own when it asked the prosecutor why Brimite's case was in federal rather than state court. However, the record is clear that the district court did not question whether Brimite's case was selected for federal prosecution on the basis of his race. In fact, the district court explicitly stated his view that Brimite was in federal court solely because he faced the possibility of a higher sentence, and as the district court noted, this was not "anything new." The Supreme Court has previously held that prosecutors may base their charging decisions on the penalties available upon conviction. *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) ("Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced.").

However, the decision to prosecute may not be based on a defendant's race, sex, religion, or exercise of a statutory or constitutional right. *Id.*

In order to prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory intent and a discriminatory effect. *United States v. Jones,* 159 F.3d 969, 976 (6th Cir.1998) (citing *United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)). To establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus. *Id.* at 977. To establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted. *Id.*

In support of his claim that his case was improperly referred for federal prosecution, Brimite offers only a series of statistics concerning the charging decisions in federal death penalty cases and the racial make-up of the general prison population. This evidence is not sufficient to establish either discriminatory intent or effect. *See United States v. Bass,* 536 U.S. 862, 863, 122 S.Ct. 2389, 153 L.Ed.2d 769 (2002) (concluding nationwide statistics demonstrating that (1) the United States charged blacks with death-eligible offenses more than twice as often as it charged whites and (2) that the United States entered into plea bargains more frequently with whites than it did with blacks was insufficient to demonstrate that similarly situated individuals of different races were not prosecuted). The record indicates Brimite's case was referred for federal prosecution in order to subject him to the possibility of a higher sentence. He has offered no evidence indicating that the referral of *his*

case for federal prosecution was based on discriminatory animus.

Similarly, Brimite's recitation of statistics from death penalty prosecutions is not at all relevant to establishing that similarly situated individuals of other races could have been prosecuted but were not. Brimite makes no claim, for example, that the government could have prosecuted Caucasians for possession with intent to distribute cocaine in federal court but failed to do so. In short, even if we were to conclude that this selective prosecution claim was timely, he has failed to produce any evidence indicating that his case was improperly selected for federal prosecution.

### III.

For the foregoing reasons, we affirm the judgment of the district court.